UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TWT INVESTMENTS, LLC, a Nevada limited liability company<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION, a California corporation registered with the Nevada Secretary of State; NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; NEVADA LEGAL NEWS, LLC, a Nevada limited liability company; DOES I through X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00503-ART-BNW<br><br>ORDER ON MOTION TO REMAND (ECF No. 25) |

## I. BACKGROUND

Plaintiff TWT Investments, LLC (TWT) brings this case asserting that it is the proper owner of the property in question (5080 Indian River Drive, #363, Las Vegas, Nevada 89103) and claiming that Defendant Nationstar and its trustee, Defendant Quality Loan Service Corporation (QLS), are encumbering the subject property. (ECF No. 21 at 2.) Plaintiff argues that Defendant Nationstar, who is attempting to foreclose on the property, does not have possession of the relevant promissory note, and furthermore is relying upon a deed of trust that has been extinguished pursuant to NRS 106.240, which presumes that a mortgage or lien is automatically extinguished ten years after the debt it secures becomes wholly due. (*Id.* at 2-4.) Plaintiff brings the following claims: 1) quiet title against Defendant Nationstar; 2) declaratory judgment against Defendants Nationstar and QLS; 3) injunctive relief against Defendants Nationstar and QLS; 4) wrongful foreclosure against Defendants Nationstar and QLS; 5) unjust enrichment against Defendant Nationstar; and 6) violation of NRS 107.028 against Defendant

1

1 | QLS.[1] (*Id.* at 5-10.)

2 | Plaintiff filed this action in state court (ECF No. 1-1) and Defendant Nationstar removed the case to this Court based on diversity jurisdiction. (ECF No. 1 at 2.) Plaintiff filed a motion to remand (ECF No. 6), but the Court denied the motion in light of the Court granting Plaintiff's request for leave to amend its complaint. (ECF No. 20). The Court instructed Plaintiff that it could file a renewed motion to remand if it filed an amended complaint. (*Id.*) After Plaintiff amended its complaint, it moved again to remand the case. (ECF No. 25.) In this renewed motion to remand, Plaintiff argues that this Court must remand the case because there is not complete diversity of citizenship: Plaintiff and Defendant Nationstar share Delaware citizenship, and Plaintiff and QLS are both citizens of California. (*Id.* at 5.)

## II.   DISCUSSION

a. Plaintiff TWT and Defendant QLS are not diverse.

Both Plaintiff TWT and Defendant QLS are citizens of California. As a limited liability company, Plaintiff is a citizen of every state in which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff asserts that one of its members is a natural person who is a citizen of the State of California. (ECF No. 21 at 2.) Thus, Plaintiff is a California citizen. Defendant QLS is also a citizen of California because it is a California corporation. (*Id.*)

b. The possibility that a state court would find that TWT states a claim against QLS requires remand.

The fact that Plaintiff TWT and Defendant QLS share California citizenship would ordinarily destroy diversity and deprive this court of jurisdiction over the alleged state-law claims. *See* 28 U.S.C. § 1332(a)(1) (requiring cases in federal

---

[1] Plaintiff added this claim in its amended complaint (ECF No. 21).

court based on diversity jurisdiction to be between citizens of different states); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). However, "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 152 (1914)). A party can establish fraudulent joinder by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

In this case, Defendant Northstar relies on the second option to assert fraudulent joinder. To fulfill the second method, the defendant must show that an "individual[] joined in the action cannot be liable on any theory." *Id.* (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (citing *Hunter*, 582 F.3d at 1046) (emphasis in original). "[This] standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule (12)(b)(1) for lack of federal question jurisdiction." *Id.* at 549-550. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.* at 548 (citing *Hunter,* 582 F.3d at 1046). For instance, the Ninth Circuit has "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548-49 (citing *Hunter,* 582 F.3d at 1046).

The Court is unable to conclude that there is no possibility that a state

3

court would find that Plaintiff states a cause of action against QLS. Other courts in the District of Nevada have granted a plaintiff's motion to remand in similar situations. *See, e.g.*, *Norman, LLC v. National Default Servicing Corp., et al.*, 2:22-cv-00837-RFB-EJY (D. Nev. Jul 13, 2022) (granting motion to remand because Defendant failed to meet the high burden of showing that the defendants are nominal or fraudulently joined); *Arns Fund, LLC v. MTC Fin.*, 2:22-cv-0995-JAD-BNW, 2022 WL 17177861, at *2 (D. Nev. Nov. 22, 2022) (granting Plaintiff's motion to remand because Defendant failed to show that no state court would find that the complaint states a cause of action against Defendant); *RH Kids, LLC v. Nat'l Default Servicing Corp.*, 2:22-cv-00954-APG-NJK, 2022 WL 17721118, at *3 (D. Nev. Dec. 14, 2022) (granting motion to remand because Defendant "has not pointed to settled rules of the state of Nevada to show that RH Kids obviously fails to state a claim based on its bankruptcy acceleration argument). While Defendant does argue that Plaintiff is wrong about possession of the Deed of Trust, the extinguishment of the Deed of Trust pursuant to NRS 106.240, and whether QLS acted in bad faith (ECF No. 41 at 9-14), the Court finds that it has not met the high burden for showing fraudulent joinder since a state court could possibly find that the complaint properly states a cause of action.

c. The Court need not consider additional grounds for remand.

Having already found that the lack of diversity between Plaintiff TWT and Defendant QLS necessitates granting the motion to remand, the Court will not address the additional issue of whether Plaintiff TWT and Defendant Northstar are diverse parties.

d. The Court will not drop QLS as a party nor grant Defendant Nationstar leave to amend its notice of removal.

In its response to Plaintiff's motion to remand, Defendant Northstar asks the Court to either drop QLS as a party or allow it to amend its notice of removal. The Court will not do so. Because Plaintiff alleges claims against QLS (including its

Nevada state law claim solely against QLS), which may prove to be meritorious, the Court cannot simply dispense with QLS as a party. The Court also cannot grant Defendant's motion to amend its notice of removal because Defendant can only amend the notice of removal to add a new basis for removal within thirty days. *See City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). Defendant could have timely raised federal question jurisdiction as a basis for removal but is precluded from doing so now that the thirty-day window has run.

### III.   CONCLUSION

It is therefore ordered that Plaintiff's Motion to Remand (ECF No. 25) is granted.

It is further ordered that the Clerk of Court close this case.

DATED THIS 26th day of February 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5